

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00103-CR

_____

ERIC ALVARADO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 08-0038X

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

After having his case transferred from juvenile court to the district court, sixteen-year-old Eric Alvarado pled guilty to two counts of aggravated robbery,[1] a first degree felony, in exchange for a sentencing recommendation of twenty-eight years' imprisonment. By agreement, he retained the right to appeal the transfer of his case out of juvenile court.

On appeal, Alvarado complains that the juvenile court abused its discretion in transferring his case to district court because the order of transfer insufficiently states the reasons for the court's waiver of jurisdiction as required by Article 54.02(h) of the Texas Family Code.[2] *See Moon v. State*, 451 S.W.3d 28, 38 (Tex. Crim. App. 2014).

According to *Moon*, before transferring a juvenile matter to an adult criminal court, the transferring juvenile court must make statutory findings:

> (1) the child is alleged to have violated a penal law of the grade of felony; (2) the child was . . . 14 years of age or older at the time [of the alleged] offense, if the offense is . . . a felony of the first degree[;] and (3) after a full investigation and a hearing, the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings
>
> in the proper adult criminal court. [TEX. FAM. CODE ANN. § 54.02(a).] "In making the determination required by Subsection [54.02(a)]"—that is, whether the "welfare of the community" indeed requires adult criminal proceedings to be instituted against the juvenile,

---

[1] *See* TEX. PENAL CODE ANN. § 29.03 (West 2011).

[2] If Alvarado intended to argue any issues on appeal other than the insufficiency of the order, his failure to present any such other argument constitutes inadequate briefing and, thus, a presentation of nothing else for review. TEX. R. APP. P. 38.1(h) (brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and to record); *Wood v. State*, 18 S.W.3d 642, 651 (Tex. Crim. App. 2000) (inadequate briefing forfeits issue).

> the [juvenile] court shall consider, among other matters: (1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person; (2) the sophistication and maturity of the child; (3) the record and previous history of the child; and (4) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

> [TEX. FAM. CODE ANN. § 54.02(f).] These non-exclusive factors serve, we have said, to facilitate the juvenile court's balancing of "the potential danger to the public" posed by the particular juvenile offender "with the juvenile offender's amenability to treatment." [*Hidalgo v. State*, 983 S.W.2d 746, 754 (Tex. Crim. App. 1999).] Finally, should the juvenile court choose to exercise its discretion to waive jurisdiction over the child, then the Juvenile Justice Code directs it to "state specifically" in a written order "its reasons for waiver and [to] certify its action, including the written order and findings of the court." [TEX. FAM. CODE ANN. § 54.02(h).]

*Moon*, 451 S.W.3d at 38. The purpose of requiring such contents in the transfer order is to allow meaningful appellate review of the transfer order. *Id.*

Alvarado does not challenge the factual sufficiency of the evidence to support the transfer; he argues solely that the transfer order insufficiently sets out the required elements. We disagree.

The Order Waiving Jurisdiction entered by the juvenile court on January 28, 2008, recites that a "complete diagnostic study" of Alvarado was conducted and reported on at the juvenile court's request by Toney Charles, Ph.D., and that a social evaluation and diagnostic study was also conducted and reported on by the Harrison County Juvenile Probation Department. The order continues:

> The Court finds that the offenses alleged in the State's Original Petition for Discretionary Transfer to Criminal Court would be First Degree Felonies under the penal laws of the State of Texas if committed by an adult.

3

The Court finds that no adjudication hearing has been conducted concerning the offenses alleged in the State's Original Petition for Discretionary Transfer to Criminal Court.

The Court finds that the Juvenile-Respondent was born on the 28th day of June, 1991, and was 16 years of age on the date of the alleged offenses and is currently 16 years of age.

All parties having announced ready, this Court conducted a full investigation as required by Section 54.02(a)(3), Texas Family Code. The following statutory factors for transfer were considered, including:

(1)     whether the alleged offense was against person or property;

(2)     the sophistication and maturity of the Juvenile-Respondent, ERIC ALVARADO;

(3)     the record and previous history of the Juvenile-Respondent, ERIC ALVARADO;

(4)     the prospects of adequate protection of the public and the likelihood of rehabilitation of the Juvenile-Respondent, ERIC ALVARADO, by use of procedures, services, and facilities currently available to the juvenile court.

The Court considered those written materials supplied by the State which would have been considered by a grand jury.

After conducting such full investigation, including evidence and argument of counsel, the Court finds that the State's Petition for Discretionary Transfer to Criminal Court is GRANTED. The Court specifically states that its reasons for waiving jurisdiction are:

1.     The offenses alleged against this Respondent were ones against property and persons, and constitute First Degree Felonies;

2.     The Juvenile was 16 years of age at the time of the offenses, and was 16 years of age at the time of the hearing;

3.     The attack by Respondent on the victims was unprovoked, and could have cost the victims their lives;

4. There are no prospects of adequate protection of the public, and no likelihood of rehabilitation of the Juvenile-Respondent, ERIC ALVARADO, by use of procedures, services, and facilities currently available to the juvenile court for a crime of this magnitude;

5. That the Respondent is of sufficient maturity and sophistication to have understood and accepted the consequences of his acts;

6. That the Respondent is of sufficient maturity and sophistication to assist his counsel in the defense of the criminal charges which may be brought by a Grand Jury;

7. That the Respondent has a juvenile record and served an indeterminate sentence with the Texas Youth Commission;

8. That because of the seriousness of the offenses and because of the background of the Respondent as set forth in the Diagnostic and Social Studies, Psychological Evaluation, Offense Report, and Juvenile Court and Probation Records the welfare of the community and the adequate protection of the public require that Juvenile Court jurisdiction be waived and the Respondent be transferred to Criminal Court for the charges of:

. . . .

COUNT III:
AGGRAVATED ROBBERY in violation of Section 29.03 of the Texas Penal Code in that on or about the 28th day of November, 2007, in Harrison County, Texas, ERIC ALVARADO did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten or place Betty McCrary, a person 65 years of age or older, in fear of imminent bodily injury or death[.]

COUNT IV:
AGGRAVATED ROBBERY in violation of Section 29.03 of the Texas Penal Code in that on or about the 28th day of November, 2007, in Harrison County, Texas, ERIC ALVARADO did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten or place D.L. McCrary, a person 65 years of age or older, in fear of imminent bodily injury or death[.]

The order certainly contains findings that the offenses are felonies, that Alvarado is of sufficient statutory age, and that, because of the seriousness of the offenses and Alvarado's background, the community welfare requires a criminal prosecution as an adult. While there is no explicit finding, in so many words, that there is probable cause the offenses were committed, the order's language sufficiently communicates the opinion of the juvenile court that the offenses likely occurred. The order specifically states the reasons for the waiver of jurisdiction by the juvenile court in sufficient detail to allow an evidentiary review by this Court had Alvarado challenged the sufficiency of the evidence.

We conclude that the Order Waiving Jurisdiction is sufficient to comply with the statutory requirements under the interpretation in *Moon*. *See id.*

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice


Date Submitted:     November 29, 2016
Date Decided:       December 21, 2016

Do Not Publish